1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WITKIN, | CASE No.    1:12-cv-01256-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| | (ECF No. 1) |
| v. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| S. SOLIS, et al., | |
| Defendants. | |
| _____/ | |

**FIRST SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Michael Witkin, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on August 2, 2012 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 7.)

Plaintiff's Complaint is now before the Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   SUMMARY OF COMPLAINT

On October 21, 2010, while Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") Defendant Solis forged a Trust Fund Account Withdrawal Order relating to Plaintiff's payment for legal copying and thereby stole $10.40 from Plaintiff. (Compl. at 3.) Plaintiff filed a related prison appeal. (Id.) Defendants Solis, Morgan,

1
2
Foreman and Harton began a campaign of retaliation and harassment against Plaintiff. (Id.)

3
4
5
6
7
8
9
10
11
On February 17, 2011, Defendant Solis "physically denied Plaintiff access to the prison law library" even though Plaintiff was under an order to file objections to findings and recommendations in an unspecified federal court case[1] and thus entitled to Priority Library User ("PLU") status.[2] This denial of access to the law library continued throughout the period ordered by the district court and caused the court to issue an unspecified "erroneous order". (Id.) Plaintiff's related prison appeal and staff complaint[3] were interfered with and delayed by Defendants Morgan, Foreman and Harton and improperly denied. (Id. at 4.)

12
13
14
15
16
17
18
19
During the period April 11, 2011 through April 20, 2011, Defendant Solis, conspiring with Defendants Morgan, Foreman and Harton, denied Plaintiff access to the law library even though Plaintiff was under an order to respond to a motion to dismiss in an unspecified federal court case,[4] causing him to miss the court's deadline with unspecified results. (Id. at 5, 83) His related prison appeal and staff complaint were interfered with, improperly denied and/or destroyed by Defendants Morgan, Foreman and Harton. (Id.)

20
21
On May 5, 2011, Plaintiff filed a staff complaint and related prison appeal against

22
23
[1] Materials attached to the Complaint suggest Plaintiff may be referring to Michael Aaron Witkin v. Yates, E.D. Cal. Case No. 2:10-cv-0091 GEB DAD, a still pending habeas proceeding.

24
[2] Pursuant to Cal. Code Regs. tit. 15 § 3122.

25
26
[3] The Court takes notice that a staff complaint filed by an inmate is processed as an appeal. Cal. Code Regs. tit 15 § 3084.9(l).

27
[4] See n.1.

-3-

Defendants Nash and Fisher based upon their supervision of Defendants Morgan, Foreman and Harton and law library operations (Id.). The complaint was repeatedly and improperly rejected and then destroyed. (Id.)

On August 10, 2011, Plaintiff filed with prison officials for delivery to state court a writ of habeas corpus seeking an evidentiary hearing of some sort; unspecified "prison officials" destroyed it. (Id. at 5.)

Plaintiff names as Defendants (1) Solis, PVSP Law Librarian, (2) Morgan, PVSP Appeals Coordinator, (3) Foreman, PVSP Appeals Coorinator, (4) Harton, PVSP Appeals Coordinator, (5) Nash, PVSP Correctional Captain, (6) Fisher, PVSP Associate Warden. (Id. at 2-3.)

Plaintiff seeks declaratory relief, injunctive relief "directing prison officials to cease on-going illegal conduct", and monetary compensation. (Id.)

## IV.   ANALYSIS

### A.   Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that

is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility

that a defendant committed misconduct and, while factual allegations are accepted as

true, legal conclusions are not. Id. at 667-68.

### B.   Personal Participation

To state a claim under § 1983, Plaintiff must demonstrate that each individually

named defendant personally participated in the deprivation of his rights. Jones v.

Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that

the term "supervisory liability," loosely and commonly used by both courts and litigants

alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. Plaintiff must demonstrate that each

defendant, through his or her own individual actions, violated Plaintiff's constitutional

rights. Id. at 1948–49. Defendants can not be held liable under § 1983 solely because

of their supervisory capacity.

 There is no respondeat superior liability under [§] 1983." Taylor v. List, 880 F.2d

1040, 1045 (9th Cir. 1989). "Liability under [§] 1983 arises only upon a showing of

personal participation by the defendant. A supervisor is only liable for the constitutional

violations of . . . subordinates if the supervisor participated in or directed the violations,

or knew of the violations and failed to act to prevent them. See Redman v. County of

San Diego, 942 F.2d 1435, 1446–47 (9th Cir. 1991) (concluding that knowledge of a

policy and practice of overcrowding that allegedly resulted in inmate's rape could be

sufficient to establish liability). "A showing that a supervisor acted, or failed to act, in a

manner that was deliberately indifferent to an inmate's Eighth Amendment rights is

sufficient to demonstrate the involvement—and the liability—of that supervisor." <u>Starr v.</u> <u>Baca</u>, 652 F.2d 1202, 1206–07 (9th Cir.2011). "[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." <u>Id.</u>

Plaintiff's allegations against Defendants Nash and Fisher are based solely upon their supervisory status and as such do not satisfy the above standard. In any amended pleading, Plaintiff must allege facts upon which the Court could conclude that each Defendant personally violated, or knowingly directed a violation of, or knew of and failed to act to prevent a violation of, or was deliberately indifferent to an excessive risk of violation of, his constitutional rights.

**C.**   **Due Process**

1.   Deprivation of Trust Funds

Plaintiff alleges Defendant Solis forged a Trust Fund Account Withdrawal Order relating to Plaintiff's payment for legal copying and thereby stole $10.40 from Plaintiff.

The Due Process Clause protects prisoners from being deprived of property without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. <u>Hansen v. May</u>, 502 F.2d 728, 730 (9th Cir. 1974). "Inmates have a property interest in funds held in prison accounts. Thus, inmates are entitled to due process with respect to any deprivation of this money". <u>Vance v. Barrett</u>, 345 F.3d 1083, 1089 (9th Cir. 2003), citing <u>Reynolds v.</u> <u>Wagner</u>, 128 F.3d 166 (3d Cir. 1997).

An authorized, intentional deprivation of property may be actionable under the

Due Process Clause.[5] Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–436 (1982)); see also Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). Authorized deprivations of property are not actionable if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987).

Neither negligent nor unauthorized intentional deprivations of property by a governmental employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available". Hudson, 468 U.S. at 533. There is an adequate post-deprivation remedy under California law and therefore an attempt to pursue a claim under federal law for the unauthorized or negligent deprivation of property fails as a matter of law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994), citing Cal. Gov't Code §§ 810–895.

Here Plaintiff alleges a negligent or unauthorized deprivation of funds from his prison trust account by a government employee. For the reasons stated above, such facts are not sufficient to state a federal claim.

Plaintiff has not alleged he met state claims filing requirements prerequisite to a state law civil claim for property deprivation through forgery.[66] Even if Plaintiff had

---

[5] An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan, 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

[6] Under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues. Cal. Gov't Code § 911.4.

sufficiently alleged facts of forgery, he may not file a criminal complaint relating thereto. See Figueroa v. Clark, 810 F.Supp. 613, 615 (E.D.Pa. 1992) (plaintiff "cannot bring criminal charges against defendants through a private lawsuit,"). Plaintiff does not state a claim to relief under criminal statutes or state law supplemental jurisdiction.

The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts plausibly claiming an authorized confiscation not reasonably related to a legitimate penological interest or a valid state tort claim relating to an unauthorized or negligent deprivation subject to supplemental jurisdiction.

### 2. Prison Appeals

Plaintiff alleges Defendants' repeated acts of interference, delay and denial of his prison appeals and staff complaints violated his due process rights.[7]

In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure. 855 F.2d at 640. This was reiterated in Ramirez v. Galarza, 334 F.3d 850, 860 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure. Thus, the case law is clear that Plaintiff is not entitled, as a matter of federal law, to a particular grievance or appeal procedure.

Plaintiff fails to state a due process claim relating to his prison appeals and staff complaints. He will not be given leave to amend this claim.

### D. Access to Court

### 1. Federal Proceedings

---

[7] See n.3.

1    Plaintiff alleges that in early 2011 he was denied access to court relative to

2  unspecified federal action(s) resulting in loss of unspecified claims and relief.

3    Inmates have a fundamental right of access to the court. Lewis v. Casey, 518

4  U.S. 343, 346 (1996). Courts have traditionally differentiated between two types of

5  access claims, those involving the right to affirmative assistance, and those involving

6  inmate's right to litigate without active interference. Silva v. Di Vittorio 658 F.3d 1090,

7
8  1102 (9th Cir. 2011). The right to assistance is limited to direct criminal appeals,

9  habeas petitions, and civil rights actions. Id. at 354. This right "requires prison

10 authorities to assist inmates in the preparation and filing of meaningful legal papers by

11 providing prisoners with adequate law libraries or adequate assistance from persons

12 trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977); see also Phillips v.

13
14 Hust, 588 F.3d 652, 655 (9th Cir. 2009); Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir.

15 1999). The right to assistance is only a right to bring complaints to the federal court and

16 not a right to discover such claims or to litigate them effectively once filed with a court.

17 See Lewis, 518 U.S. at 354–55; Madrid, 190 F.3d at 995; Cornett v. Donovan, 51 F.3d

18 894, 898 (9th Cir. 1995) ("[W]e conclude the Supreme Court has clearly stated that the

19
20 constitutional right of access requires a state to provide a law library or legal assistance

21 only during the pleading stage of a habeas or civil rights action.") The right to litigate

22 without interference applies to pursuit of legal redress for claims that have a reasonable

23 basis in law or facts. Silva, 658 F.3d at 1103.

24    Claims for denial of access to the court may arise from the frustration or

25 hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or

26
27 from the loss of a meritorious suit that can not now be tried (backward-looking claim).

1  <u>Christopher v. Harbury</u>, 536 U.S. 403, 412–415 (2002). The plaintiff must show: 1) the

2  loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the

3  litigation; and 3) a remedy that may be awarded as recompense but that is not

4  otherwise available in a future suit. <u>Id.</u> at 413–14.

5        To establish a violation of the right of access to the court, a prisoner must

6  establish that he or she has suffered an actual injury, a jurisdictional requirement that

7  flows from the standing doctrine and may not be waived. <u>See</u> <u>Lewis</u>, 518 U.S. at 349.

8  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation,

9  such as the inability to meet a filing deadline or to present a claim." <u>Lewis</u>, 518 U.S. at

10  348. Delays in providing legal materials or assistance that result in actual injury are "not

11  of constitutional significance" if "they are the product of prison regulations reasonably

12  related to legitimate penological interests." <u>Lewis</u>, 518 U.S. at 362. <u>See</u> <u>Christopher</u>,

13  536 U.S. at 415-17) (noting that a backward-looking denial of access complaint "should

14  state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just

15  as if it were being independently pursued."); <u>see also</u> <u>Avalos v. Baca</u>, 596 F.3d 583,

16  591 n.8 (9th Cir. 2010).

17        Here Plaintiff fails to meet the above standards. He fails to describe the 2011

18  litigation and show the claims therein were nonfrivolous or arguable and subject to final

19  disposition.[8]  He fails to describe the library services denied or delayed and how the

20  denial or delay caused him actual injury by foreclosing relief. He fails to allege facts

---

[8] See <u>Christopher</u>, 536 U.S. at 415, 417 (noting that a backward-looking denial of access complaint "should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued."); <u>see also</u> <u>Avalos</u>, 596 F.3d at 591 n.8.

suggesting that Defendants' actions were not supported by a penological purpose. Plaintiff does not have an abstract, freestanding right to a law library or legal assistance, Lewis, 518 U.S. at 351, an inmate "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. The mere allegation that he was denied certain physical access to the law library and that he missed a non-pleading court deadline are not alone sufficient to state a claim for denial of access to court.

### 2.   State Court Proceeding

Plaintiff alleges that he filed with unspecified prison officials a state court habeas writ which these officials then destroyed. He fails to link this conduct to any named Defendant.

He also fails to alleges how or where he filed or deposited the writ, with whom, what happened to it, or how the destruction of it caused him to suffer a loss of a 'nonfrivolous' or 'arguable' underlying claim and remedy not otherwise available in a further suit.

A merely negligent misplacement of legal papers alone is not sufficient to show denial of access to court. Nwaokocha v. Sadowski, 369 F.Supp.2d 362, 374-76 (E.D.N.Y. 2005).

Prisoners have a First Amendment right to send and receive mail. See Withdraw v. Puff, 52 F.3d 264, 265 (9th Cir. 1995). Prison officials are not permitted to review outgoing legal mail for legal sufficiency before sending mail to the court. See Ex Parte Hull, 312 U.S. 546, 549 (1941).

However, even if Plaintiff had adequately alleged interference with his legal mail,

an isolated incident of mail interference or tampering usually does not support a claim under § 1983 for the violation of a constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003) (isolated incident of mail tampering usually insufficient to state claim).

Plaintiff fails to allege facts sufficient to claim denial of access to court or interference with legal mail as to destruction of the state court writ.

### 3.    Prison Appeals

Plaintiff alleges repeated acts of interference, delay and denial of his prison appeals and staff complaints by Defendants.[9]

The right of access to court also applies to prison grievance proceedings. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (abrogated in part on other grounds by Shaw v. Murphy, 532 U.S. 223 (2001)).

Here again Plaintiff fails to allege facts sufficient to suggest loss of a 'nonfrivolous' or 'arguable' underlying claim and remedy not otherwise available in a future suit. Furthermore, it is not clear that Plaintiff's appeals and staff complaints were handled in a manner inconsistent with prison regulations.

Accordingly, for the reasons stated above Plaintiff fails to state a claim for denial of access to court. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts plausibly claiming the above noted elements attributable to each Defendant.

### E.    Retaliation

Plaintiff alleges Defendants Solis, Morgan, Foreman, and Harton retaliated for

_____

[9] See n.3.

-12-

his claim of property deprivation and related appeal(s) by interfering with his appeals and denying him access to court.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal ." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and that defendants' actions did not serve a legitimate penological purpose. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. See Pratt, 65 F.3d at 808; Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

A plaintiff must show that his protected conduct was a " 'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc., 874 F.2d at 1314). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements). A plaintiff must also show defendant's actions would be sufficient to chill or silence a person of ordinary firmness from future First Amendment activities, Rhodes,

408 F.3d at 568–69) (citing <u>Mendocino Envtl. Ctr. v. Mendocino County</u>, 192 F.3d 1283, 1300 (9th Cir. 1999)), and did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985).

Accessing the court for civil rights purposes is activity protected by the First Amendment. <u>Rizzo</u>, 778 F.2d at 532.

Here Plaintiff fails to allege facts sufficient to claim that Defendants' took adverse action against him. Additionally, it is unclear under the present allegations that Defendants' conduct was other than reasonably in pursuit of legitimate correctional goals and applicable regulations. "To prevail on a retaliation claim, a prisoner must show that the challenged action did not reasonably advance a legitimate correctional goal." <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1271 (9th Cir. 2009) (citing <u>Rhodes</u>, 408 F.3d at 568).

Plaintiff has failed to allege sufficient facts to satisfy all five prongs of a retaliation claim. He will be given leave to amend this claim. If he chooses to do so, he must set forth facts sufficient to plausibly claim all of the above elements attributable to each Defendant.

### F.   Conspiracy

Plaintiff alleges that Defendants Solis, Morgan, Foreman and Harton conspired to deny him access to court.

To state a claim for conspiracy under § 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. <u>Avalos</u>, 596 F.3d at 592; <u>Franklin v. Fox</u>, 312

-14-

F.3d 423, 441 (9th Cir. 2001). Conspiracy under § 1983 merely provides a mechanism by which to plead or prove a constitutional or statutory violation. <u>Landrigan v. City of Warwick</u>, 628 F.2d 736, 742 (1st Cir. 1980). A pro se complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights will not withstand a motion to dismiss. <u>Zemsky v. City of New York</u>, 821 F.2d 148, 151–52 (2nd Cir. 1987).

Plaintiff's allegation of a conspiracy is merely conclusory, premised on conjecture and surmise. He alleges neither an agreement nor facts implying an agreement. More significantly, for the reasons stated above he fails to allege any predicate violation of his federal rights by these Defendants.

Plaintiff fails to state a conspiracy claim cognizable under § 1983. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing all of the above noted elements attributable to each of the Defendants.

G.    **Injunctive Relief**

Plaintiff seeks injunctive relief "directing prison officials to cease on-going illegal conduct."

Injunctive relief is an "extraordinary remedy, never awarded as of right." <u>Winter v. Natural Res. Defense Council</u>, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Id.</u>, citing <u>Munaf v. Geren</u>, 553 U.S. 674, 689-90 (2008).

In cases brought by prisoners involving conditions of confinement, the Prison

Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Here it appears Plaintiff has transferred from PVSP, where the alleged rights violations took place, to Solano State Prison, Vacaville, California. (ECF No. 8.) As to Defendants, injunctive relief is moot unless, as is not the case here, there is an expectation that Plaintiff will be returned to their custody. Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v. Cervantes, 493 F.3d 1047, 1053, n.5 (9th Cir. 2007). The harm alleged here does not "fall within that category of harm 'capable of repetition, yet evading review.'" Preiser, 422 U.S. 395 at 403 (quoting Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515 (1911)).

Plaintiff's request to enjoin unspecified "prison officials" seeks relief against non-parties and similarly fails.

Furthermore, nothing in the Complaint suggests real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.") Plaintiff fails to state any cognizable claim. He fails to allege a real and immediate threat of injury.

Plaintiff's allegations do not support an entitlement to injunctive relief. The Court will not allow leave to amend in this regard.

**V.    CONCLUSION AND ORDER**

Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will grant him an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 667-68. He must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). He must also demonstrate that each named Defendant personally participated in a deprivation of his rights under color of state law. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). He should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.

-17-

8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed August 2, 2012,

2.    Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted,

3.    Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva 658 F.3d at 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:    October 23, 2012            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE

-18-