1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WITKIN, | CASE No. 1:12-cv-01256-MJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR INJUNCTIVE RELIEF |
| v. | |
| S. SOLIS, et al., | (ECF Nos. 13 & 14) |
| Defendants. | |

_____/

## I.    PROCEDURAL BACKGROUND

Plaintiff Michael Witkin, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on August 2, 2012 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) He asserts claims arising during his incarceration at Pleasant Valley State Prison ("PVSP").

Plaintiff's Complaint was screened by the Court on October 23, 2012 and dismissed for failure to state a claim, but Plaintiff was given leave to file an amended pleading. (ECF No. 11.) Plaintiff filed a First Amended Complaint on November 19,

2012. (ECF No. 12.) On screening the First Amended Complaint on April 18, 2013, the Court found a cognizable First Amendment retaliation claim against Defendant Solis, but no other claims. (ECF No. 15.) It ordered Plaintiff to either notify the Court of his desire to proceed on the cognizable claim or file an amended complaint by not later than May 22, 2013. (Id.) Plaintiff has not yet responded to the Court's April 18th Order.

Pending before the Court is Plaintiff's Motion for Injunctive Relief (ECF No. 13) and Amendment to Motion for Injunctive Relief. (ECF No. 14.) Therein Plaintiff, who is now housed at California State Prison-Solano ("CSPS"), seeks injunctive relief against CSPS Law Librarian Kosher and unnamed prison officials for improperly denying him access to the CSPS law library.

## II.    **LEGAL STANDARDS**

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of

the federal right, and is the least intrusive means necessary to correct the violation of

the federal right."

Injunctive relief should be used "sparingly, and only . . . in clear and plain

case[s]." Rizzo v. Goode, 423 U.S. 362, 378 (1976).

III.   **ANALYSIS**

A.   **No Relief Against Non-Parties and PVSP Parties**

Plaintiff seeks injunctive relief against CSPS Law Librarian Kosher and unnamed

prisoner officials. Since none are named Defendants in this action, the Court has no

personal jurisdiction over them.

"A federal court may issue an injunction if it has personal jurisdiction over the

parties and subject matter jurisdiction over the claim; it may not attempt to determine

the rights of persons not before the court." Zepeda v. United States Immigration

Service, 753 F.2d 719, 727 (9th Cir. 1985). Those acting in concert with a party, may be

bound by an injunction issued against the party pursuant to Federal Rule of Civil

Procedure 65. Regal Knitwear Co., v. N.L.R.B., 324 U.S. 9, 14, (1945); Golden State

Bottling Co., Inc., v. N.L.R.B., 414 U.S. 168, 178 (1973). However, Rule 65 does not

confer personal jurisdiction where it otherwise is lacking. Citizens Concerned for

Separation of Church and State v. City and County of Denver, 628 F.2d 1289, 1299

(10th Cir. 1980). "Having a relationship to an enjoined party of the sort set forth in Rule

65(d) exposes a non-party to contempt for assisting the party to violate the injunction,

but does not justify granting injunctive relief against the non-party in its separate

capacity." Federal Trade Com'n v. Productive Marketing, Inc., 136 F.Supp.2d 1096,

1104 (C.D. Cal. 2001), citing Additive Controls & Measurement Systems, Inc., v.

Flowdata, Inc., 96 F.3d 1390, 1395-96 (Fed. Cir. 1996).

Generalized injunctive relief against unnamed prison officials is not permissible under the PLRA because such relief is not "narrowly drawn". 18 U.S.C. § 3626(a)(1)(A). Similar requirements apply with respect to temporary restraining orders and preliminary injunctive relief. See 18 U.S.C. § 3626(a)(2).

Moreover, since this action arose at PVSP and asserts claims against PVSP Defendants and Plaintiff is no longer in custody at PVSP, injunctive relief against PVSP Defendants is futile. Preiser v. Newkirk, 422 U.S. 395, 402–03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

For the foregoing reasons, the Court lacks jurisdiction and legal basis to grant the injunctive relief sought.

## IV.   CONCLUSIONS AND ORDER

Plaintiff's Amended Motion for Injunctive Relief shall be denied because it asserts unrelated claims against non-parties and Plaintiff shows no need for or entitlement to extraordinary relief against PVSP parties.

Accordingly, it is HEREBY ORDERED that Plaintiff's Amended Motion for Injunctive Relief (ECF Nos. 13, 14) is DENIED.

IT IS SO ORDERED.

Dated:   May 9, 2013          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE