UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WITKIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. SOLIS, et al.,<br><br>　　　　　Defendants. | 1:12-cv-01256-AWI-MJS (PC)<br><br>**ORDER GRANTING MOTION TO MODIFY DISCOVERY & SCHEDULING ORDER (ECF No. 34)**<br><br>**NINETY (90) DAY DISCOVERY DEADLINE**<br><br>**ONE HUNDRED TWENTY (120) DAY DISPOSITIVE MOTION DEADLINE** |

　　　Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The action proceeds against Defendant Solis on First Amendment retaliation and state law conversion claims. (ECF Nos. 17 & 18.)

　　　The dispositive motion deadline in this case was July 9, 2015. (ECF No. 26.)  On July 9, Defendant moved to extend the dispositive motion deadline until August 28, 2015, claiming the extension was necessary because of defense counsel's medical issues of some months longstanding.  (ECF Nos. 34 & 34-1.)

　　　Plaintiff opposed the motion on July 30, 2015, arguing that Defense counsel had waited until the last minute to "ask the Court for 50 additional days for reasons she was aware of months ago." (ECF No. 35, at 1.) Plaintiff requested that the Court either deny

1

the motion to modify the scheduling order or grant it and reopen discovery.  Plaintiff observed that the Court had denied his previous requests to modify the scheduling order to allow time for discovery responses (ECF Nos. 31 & 33), and argued, persuasively, that if the Court had been apprised of Defense counsel's medical problems in a timelier manner, it likely would have been more receptive to Plaintiff's requests. (ECF No. 35, at 1.) Defendant did not file a reply or otherwise respond to Plaintiff's opposition.

Plaintiff's point is well taken. Local Rule 144(d) provides that "Counsel shall seek to obtain a necessary extension from the Court … as soon as the need for an extension becomes apparent.  Requests for Court approved extensions brought on the required filing date for the… document are looked upon with disfavor."   Here, Defense counsel acknowledges she has known about her health problems for months, yet she filed her motion for an extension of time to file dispositive motions on the date dispositive motions were due.

Moreover, it does not appear that either party feels he or she will be prejudiced by modifying the scheduling order to extend longstanding deadlines in the case.  Therefore, in light of the foregoing, Plaintiff's *pro se* status, and his underestimation of the time needed to obtain meaningful discovery from Defendant, the Court will reopen the discovery period for an additional **ninety (90) days** from the date of service of this order. Plaintiff shall submit a third set of interrogatories to Defendant rather than rely on the set sent earlier.

In addition, the Court will extend the dispositive motion deadline for an additional **one hundred twenty (120) days** from the date of service of this order in light of Defense counsel's ongoing medical concerns.

Accordingly, it is HEREBY ORDERED that:

1. Defendant's July 9, 2015 motion to modify the discovery and scheduling order (ECF No. 34) is GRANTED;
2. The discovery period is REOPENED for a period of ninety (90) days from the date of service of this order; and

2

3.  The dispositive motion deadline is EXTENDED for one hundred twenty (120) days from the date of service of this order.

IT IS SO ORDERED.

Dated:   August 12, 2015           /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE

3