UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WITKIN,<br><br>            Plaintiff,<br><br>     v.<br><br>S. SOLIS,<br><br>            Defendant. | CASE NO. 1:12-cv-01256-AWI-MJS (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 45)**<br><br>**CASE TO REMAIN OPEN** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 8, 2016, the Magistrate Judge issued findings and recommendations (ECF No. 45) to grant in part and deny in part Defendant's January 15, 2016 motion for summary judgment (ECF No. 39.)  On June 22, 2016, Defendant filed her objections to the Magistrate Judge's findings. (ECF No. 46.) On July 5, 2016, Plaintiff filed his reply to Defendant's objections.

///

**I.     Background**

Plaintiff's case proceeds on his May 20, 2013 second amended complaint alleging that Defendant S. Solis intentionally converted funds from Plaintiff's inmate trust account and retaliated against Plaintiff for reporting the conversion by denying him access to the prison law library. (ECF No. 17.)

Defendant moved for summary judgment on the conversion claim on the ground Plaintiff's claim was untimely filed under Cal. Gov. Code. § 911.2(a). Plaintiff conceded his claim was untimely and conceded summary judgment was appropriate on that claim. Without reaching the merits of Defendant's arguments, therefore, the Magistrate Judge recommended summary judgment be granted in favor of Defendant on the conversion claim.

On the retaliation claim, Defendant argued Plaintiff failed to allege facts to showing Defendant harbored a retaliatory animus when she allegedly denied Plaintiff access to the law library as a priority legal user ("PLU") on the dates in question. Defendant also argued Plaintiff failed to show the existence of an adverse action, as the undisputed evidence showed Plaintiff had some amount of access to the law library. Finally, Defendant argued Defendant's actions in denying Plaintiff PLU status advanced a legitimate penological goal, for two reasons: (1) the prison was suffering from an overcrowding crisis and could not accommodate every prisoner who wanted access to the law library, and (2) Plaintiff was not entitled to PLU status on the dates in question because he did not have a court imposed deadline. The Magistrate Judge rejected Defendant's arguments on each point, finding a triable issue of fact did exist, and recommended denying Defendant's motion.

Defendant now proffers one objection. She argues, as she did in her summary judgment motion, that Plaintiff was not entitled to PLU status during the time periods in question. (ECF No. 46.) She states that in order to obtain PLU status under California Code of Regulations § 3122(b)(1), an inmate must show that he has "an established court deadline." Cal Code Regs. tit. 15 § 3122(b)(1). Here, Plaintiff claimed he was entitled to PLU status because of deadlines imposed in the findings and recommendations in his federal habeas appeal, case no. 2:10-cv-0091, on February 10, 2011 and the order adopting the same on March 10, 2011. Defendant

argues that as both the findings and recommendations and the order were favorable to Plaintiff, he was not required to file a response, and therefore the deadlines set forth did not apply to Plaintiff.

In rejecting this argument in his findings and recommendation, the Magistrate Judge stated that, since there existed a dispute as to Plaintiff's entitlement to PLU status, the Court need not consider Defendant's claim.

**II.  Discussion**

    **A.  Prison Law Library Usage**

To provide context, the Court will briefly summarize the procedures underlying prison law library usage.

California prisons are required to provide legal materials through its law library in order to give prisoners meaningful access to the courts. 15 Cal. Code Regs. § 3122(a).  Prisoners who wish to use the law library fall into two categories: General Legal Users ("GLUs") and Priority Legal Users ("PLUs"). 15 Cal. Code Regs. § 3122(b). PLUs are given greater access to the law library than GLUs, and a prisoner achieves PLU status when he can show that he has an upcoming court deadline. Id. § 3122(b)(1). To achieve PLU status, a prisoner has to submit a form to the law librarian indicating his court deadline, and if the librarian approves the request, he or she will notify corrections officers to bring the prisoner to the library during the extended PLU hours. Id.  An inmate who does not have PLU status can still access the law library on GLU status.  Id. § 3122(b).

    **B.  Plaintiff's Habeas Petition**

As Defendant's sole objection to the Magistrate Judge's findings and recommendation stems from Plaintiff's entitlement to PLU status on the basis of Plaintiff's federal habeas petition, the Court will summarize the relevant procedural history of that action, taking judicial notice of all filings in that case.  MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

On December 21, 2009, Plaintiff filed a petition for a writ of habeas corpus in the United States District Court for the Central District of California challenging his 2005 conviction for resisting arrest, a conviction which enhanced his prison sentence after his subsequent conviction in 2009 for attempted robbery.  The case was transferred to the Eastern District of California

under case number <u>Witkin v. Yates</u>, 2:10-cv-00091-GEB-DAD ("the habeas case"). On February 11, 2011, in an order issued in response to Respondent's motion to dismiss Plaintiff's petition, then-Magistrate Judge Dale A. Drozd issued findings and recommendations rejecting Plaintiff's habeas challenge to his 2005 conviction as time-barred and instead construing Plaintiff's habeas petition as a challenge to his 2009 conviction as enhanced by his 2005 conviction, denying Respondent's motion to dismiss, and granting Respondent thirty days from the date of service of any order by the district court adopting these findings and recommendations in which to either file another motion to dismiss or file an answer to the claims raised in Plaintiff's petition. Judge Drozd also granted both parties fourteen days to file any objections to his findings and recommendations.

On February 22, 2011, Plaintiff filed his objections to Judge Drozd's findings and recommendations. On March 10, 2011, Judge Garland E. Burrell, Jr., signed an order rejecting Plaintiff's objections and adopting Judge Drozd's findings and recommendations in full, directing Respondent to file either another motion to dismiss or an answer to the claims raised in the petition within thirty days of the date of service of his order, and directing Plaintiff to file his opposition to any motion filed by Respondent within thirty days after the date of service of said motion.

On April 5, 2011, Respondent filed a motion to dismiss, which was served on Plaintiff on April 8, 2011. Plaintiff filed an opposition to Respondent's motion to dismiss on May 9, 2011.

On April 4 and November 28, 2011, Plaintiff filed motions for reconsideration of Judge Drozd's February 11, 2011, findings and recommendations on that grounds that the Court's findings rejecting his challenge to his 2005 conviction as time-barred were based on an error of fact. On December 14, 2011, Judge Drozd issued findings and recommendation granting Plaintiff's motions for reconsideration and vacating his February 11, 2011 order. On January 4, 2012, Judge Burrell issued an order adopting Judge Drozd's findings and recommendations in full and vacating his March 10, 2011, order.

### C. Plaintiff's Entitlement to PLU Status

Here, Defendant appears to argue that as Judge Drozd's February 11, 2011 findings and

4

recommendations and Judge Burrell's March 10, 2011 order adopting the same denied Respondent's motion to dismiss Plaintiff's petition, those orders were therefore favorable to Plaintiff, and Plaintiff was not entitled to file objections. Therefore, the fourteen day objection deadline imposed by Judge Drozd on February 11, 2011 and the thirty day response deadline imposed by Judge Burrell on March 10, 2011 were somehow inapplicable to Plaintiff.

These arguments lack merit. First, Defendant provides no authority for her assertion that only parties for whom the Magistrate Judge's findings were unfavorable may file an objection, and indeed, the plain language of the statute makes clear that within fourteen days of being served with the findings, "*any party* may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1) (emphasis added).

Second, and more significant, it is clear that the February 11, 2011 findings were *not* completely in Plaintiff's favor. A portion of Judge Drozd's order rejected Plaintiff's habeas challenge to his 2005 conviction as time-barred, instead construing Plaintiff's habeas petition as a challenge to his 2009 conviction as enhanced by his 2005 conviction. Plaintiff, disagreeing with this conclusion, filed two motions to reconsider, arguing his challenge to his 2005 conviction was not time-barred. Judge Drozd ultimately granted Plaintiff's motion for reconsideration and vacated his prior adverse finding; Judge Burrell, in turn, vacated his order adopting Judge Drozd's findings. In light of the fact Judge Drozd ultimately vacated his findings at Plaintiff's urging, it seems quite apparent to the Court that Plaintiff could have, and should have, filed objections within fourteen days to the February 11, 2011 findings.

Furthermore, Judge Burrell's March 10, 2011 order did, in fact, impose a thirty day deadline for Plaintiff—Judge Burrell directed Respondent to file an answer to Plaintiff's petition within thirty days of the Judge's order, and directed Plaintiff to file a response thirty days after that. Respondent filed an answer on April 5, 2011, which was served on Plaintiff on April 8, 2011. Plaintiff was required to file a response by May 8, 2011. Plaintiff plainly had a Court imposed deadline between April 8 and May 8, 2011, thus Defendant's argument that he did not lacks merit.

Finally, the Court addresses Defendant's claim that the Magistrate Judge refused to

consider Defendant's argument on this point because it was raised for the first time in her reply brief. (ECF No. 46 at 2.)  This is incorrect.  The Magistrate Judge refused to consider this argument because he found there existed disputed issues of fact regarding Plaintiff's entitlement to PLU status, precluding summary judgment.

### III.     Conclusion

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.  Defendant's objections have been considered and found to lack merit.

Accordingly, it is HEREBY ORDERED that:

1. The Court adopts the findings and recommendations filed on June 8, 2016 (ECF No. 45) in full;
2. Defendant's motion for summary judgment (ECF No. 39) will be GRANTED in part and DENIED in part, as set out in the Magistrate Judge's findings and recommendations.
3. The case shall remain open.

IT IS SO ORDERED.

Dated:   August 12, 2016                          _____
                                                  SENIOR DISTRICT JUDGE